UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANGEL GABRIEL FLAMENCO POSADA,

Petitioner,

v.

BRUCE SCOTT, Warden of the Northwest
ICE Processing Center,

Respondent.

Case No. C26-658-RSM

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS UNDER
28 U.S.C. § 2241

This matter comes before the Court on Petitioner Angel Gabriel Flamenco Posada's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  Dkt. #6.

Petitioner, a native citizen of El Salvador, entered the United States without inspection on or about June 13, 2024, was immediately detained by United States Border Patrol, and issued a Notice to Appear and Order of Expedited Removal pursuant to 8 U.S.C. § 1225(b)(1) the following day.  Dkt. #11 ("Morris Decl."), Exs. 1-2.  On July 11, 2024, U.S. Citizenship and Immigration Services determined that Petitioner had established a credible fear of persecution or torture and issued a Notice to Appear, initiating removal proceedings.  Dkt. #10 ("Rodriguez Decl."), ¶ 5.  On July 17, 2024, Petitioner was released on interim parole pursuant to INA § 212(d)(5)(A), subject to conditions including participation in an Alternatives to Detention monitoring program.  *Id*. at ¶ 6; Morris Decl., Ex. 3.  Petitioner remained on release until

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 1

November 23, 2024, when he was arrested by local law enforcement in Aberdeen, Washington for driving under the influence. Rodriguez Decl. at ¶ 7. On July 17, 2025, he pleaded guilty to reckless driving and received a suspended sentence with probation. *Id*. On January 8, 2026, while attending a scheduled check-in, ICE agents took Petitioner into custody after determining that his criminal conviction violated the conditions of his release. *Id*. at ¶ 8; Morris Decl., Ex. 4. He was sent to the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Rodriguez Decl. at ¶ 8.

On February 11, 2026, Petitioner requested a bond redetermination hearing before the Immigration Court in Tacoma, Washington. *Id*. at ¶ 9. On February 18, 2026, an Immigration Judge denied bond finding that Petitioner was subject to mandatory detention but also found in the alternative that he had "failed to establish that he is not a danger to the community and/or flight risk;" Petitioner reserved appeal. *Id*.; Morris Decl., Ex. 5. Petitioner filed a second bond request on February 27, 2026, which remains pending. Rodriguez Decl. at ¶ 10. On March 2, 2026, he filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. *Id*. at ¶ 11. A recent filing by Petitioner's wife indicates that the asylum application was denied at a hearing on April 3, 2026. *See* Dkt. #14. Petitioner remains detained at NWIPC. *Id*. at ¶ 13.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that his arrest and detention are based on false information regarding his criminal record. Petitioner does not allege a violation of the Due Process Clause of the Fifth Amendment to the United States Constitution or any specific statutes or regulations. *See* Dkt. #6.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 2

Here, the record reflects two bases for Petitioner's detention: (1) mandatory detention under 8 U.S.C. § 1225(b), and (2) a single sentence determination by the IJ that Petitioner has "failed to establish that he is not a danger to the community and/or flight risk."  Petitioner says in his Reply brief that the Government originally falsely stated that he has two DUI's on his criminal record.  Dkt. #13 at 1. He states that he "took the proper steps to correct this action," "understand[s] [his] wrongdoing," and that his license and insurance are currently active.  *Id*.  He states that he is not a flight risk.  *Id*.

It appears to the Court that Petitioner is likely subject to mandatory detention under 8 U.S.C. § 1225(b) and that the Government has provided him with adequate procedural protections upon revocation of his parole status.  "Courts in this District have consistently held that, irrespective of other alleged legal errors, petitioners are not entitled to habeas relief when an IJ [immigration judge] finds a separate basis for their detention and that basis is unchallenged." *Singh v. Noem*, 2026 WL 482389, at *3 (W.D. Wash. Feb. 20, 2026) (compiling cases).  In cases where petitioners were initially re-detained and denied bond based on mandatory detention, courts have granted petitioners the benefit of the alternative bond determination, including release after satisfying the bond alternatively set by an immigration judge. *See, e.g.*, *id*.; *Corrales Castillo v. Wamsley*, 2025 WL 3204370, at *2 (W.D. Wash. Nov. 17, 2025); *Valadez Hernandez v. Hermosillo*, 2026 WL 174198, at *2 (W.D. Wash. Jan. 22, 2026).  Thus, "even assuming a legal error occurred at the outset of Petitioner's detention, the IJ's subsequent bond denial supplies a lawful basis for his detention unless and until Petitioner demonstrates separate legal error invalidating that decision." *Id*.

Petitioner has failed to demonstrate that the bond decision constitutes legal error.  His sole argument as to this point appears to be that the IJ was told that he had two DUI convictions

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 3

when he had only one DUI, reduced to reckless driving.  However, based on the thin record before the Court, it is not possible for the Court to conclude that the IJ erroneously relied on false information or that the denial of bond was legally incorrect based solely on the reckless driving conviction.  Petitioner may disagree with that decision, but "this Court does not have jurisdiction to sit as an appellate body over this [factual] issue."  *Valenzuela v. Semaia*, 2025 WL 4041920, at *2 (C.D. Cal. Dec. 10, 2025).  Any "erroneous factual determinations and evidentiary errors" by the immigration judge are reviewable by the Board of Immigration Appeals, and Petitioner has reserved the right to appeal.  *Martinez v. Scott*, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025).  Accordingly, the Court concludes that Petitioner has failed to demonstrate that his detention is unlawful by a preponderance of the evidence, and he is not entitled to habeas relief.

Having considered the instant Petition, the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is DENIED.  All pending Motions are DENIED as MOOT.  This case is CLOSED.

DATED this 21st day of April, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 4